```
            IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA
                        NORTHERN DIVISION

UNITED STATE OF AMERICA,      *
                              *
    PLAINTIFF,                *
                              *
    V.                        *   CR No. 2:07cr139-WKW
                              *
JUAN UBALDO-VIEZCA,           *
                              *
    DEFENDNAT.                *
                              *
```

**DEFENDANT'S RESPONSE TO ISSUE OF STANDING**

Comes now the Defendant, Juan Ubaldo-Viezca, by and through undersigned counsel, Jeffery C. Duffey, and pursuant to this Court's order (Doc. 95) of March 3, 2008 submits the following on the issue of defendant's standing to challenge the stop and search of the vehicle in this case:

1. The case of <u>Brendlin v. California</u>, ___ U.S. ___, 168 L. Ed. 2d 132, 127 S. Ct. 2400 (2007) held that a passenger of a vehicle is seized for Fourth Amendment purposes, and thus has standing to challenge same:

> When a police officer makes a traffic stop, the driver of the car is seized within the meaning of the *Fourth Amendment*. The question in this case is whether the same is true of a passenger. We hold that a passenger is seized as well and so may challenge the constitutionality of the stop.

168 L. Ed.2d at 136, 127 S. Ct. at 2403. The Supreme Court also stated that:

>And the treatise writers share this prevailing judicial view that a passenger may bring a *Fourth Amendment* challenge to the legality of a traffic stop. See, *e.g.*, 6 W. LaFave, Search and Seizure § 11.3(e), pp. 194, 195, and n. 277 (4th ed. 2004 and Supp. 2007) ("If either the stopping of the car, **the length of the passenger's detention thereafter**, or the passenger's removal from it are unreasonable in a *Fourth Amendment* sense, then surely the passenger has standing to object to those constitutional violations **and to have suppressed any evidence found in the car which is their fruit**" (footnote omitted)); 1 W. Ringel, Searches & Seizures, Arrests and Confessions § 11:20, p. 11-98 (2d ed. 2007) ("[A] law enforcement officer's stop of an automobile results in a seizure of both the driver and the passenger"**).[Emphasis added][Footnote omitted]**.

168 L. Ed.2d at 141, 127 S.Ct. at 2408.

    2. In the case of <u>United States v. Perkins</u>, 348 F.3d 965 (11th Cir. 2003) the driver and passenger challenged the stop and search of a vehicle on Fourth Amendment grounds. The appellate court upheld an order from the Middle District suppressing the fruits of the search of that vehicle from use against both the driver and passenger.

    Therefore based upon the above it is contended that the defendant as a passenger of the vehicle in question does have standing to challenge the stop and search in this case.

    Respectfully submitted this 4th day of March, 2008.

                                                     s/Jeffery C. Duffey
                                                     Jeffery C. Duffey

```
                                        Attorney for defendant
                                        JUAN UBALDO-VIEZCA
```

Law Office of:
Jeffery C. Duffey
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 834-4100
Fax: (334)834-4101
Bar No.: ASB-7699-F67J
Email: Jcduffey@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and complete copy of the foregoing was served upon:

AUSA Clark Morris
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

by electronic service on this 4th day of March, 2008.

```
                                        s/Jeffery C. Duffey
                                        Jeffery C. Duffey
```