```
           IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

| | |
|---|---|
| UNITED STATE OF AMERICA, | * |
| | * |
|     PLAINTIFF, | * |
| | * |
|     V. | * CR No. 2:07cr139-WKW |
| | * |
| JUAN UBALDO-VIEZCA, | * |
| | * |
|     DEFENDNAT. | * |
| | * |

**OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now defendant JUAN UBALDO-VIEZCA, by counsel, and objects to the Recommendation of the Magistrate Judge issued on March 19, 2008, and in support thereof submits the following:

I.

Defendant contends the following additional facts were supported by the evidence:

a.  Ms. Garcia is a United States citizen and an individual of Hispanic or Latino origin and was driving a vehicle with Texas license plates. Defendant Juan Ubaldo-Viezca was a passenger in the vehicle. Mr. Ubaldo is a non citizen legally residing in the United States, and is of Hispanic or Latino origin.

b.  Trooper Barnes had other means of checking the driver license information other than using BLOC.

    c.   Defendant Ubaldo was never free to leave at any point in time.

    d.   The questioning of Garcia and Ubaldo by Trooper Barnes on matters unrelated to the stop was extensive.

    e.   Trooper Barnes did not have consent at the scene of the stop to search the trailer, only the vehicle.  The vehicle and trailer were removed from the scene of the stop and taken to the State Trooper Shop without consent; Trooper Barnes called his supervisor on the way to the Shop and asked how to justify bringing the vehicle and trailer in to the Shop for a more extensive search; and the verbal consent he later received from Garcia did not specific the scope of a destructive search.

    F.   The agencies involved have consent forms and Miranda forms in spanish.

## II.

Defendant objects to the finding that the continued detention during the traffic stop was lawful. See pp. 9-31 of the Recommendation of the Magistrate Judge.  Defendant reargues the following from his motion to suppress:

The Fourth Amendment guarantees "the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const.

Amend IV. While not all police-citizen encounters trigger Fourth Amendment scrutiny, a traffic stop is a limited seizure within the meaning of the Fourth Amendment, and it is analogous to an investigative detention. United States v. Perkins, 348 F.3d 965,969 (11th Cir. 2003). Therefore, the legality of such stops is analyzed under the standard articulated in Terry v. Ohio, 392 U.S. 1 (1968). Terry held that such stops require "an officer [to] have an objective, reasonable suspicion of criminal activity," before seizing (or continuing the seizure of) an individual. Id. Therefore, if the officer has cause to believe an individual has committed a traffic infraction, the individual can be stopped and seized while the traffic infraction is investigated and activities related to the traffic stop are concluded. United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001).

    Drivers and their vehicles can be detained after a valid traffic stop while a "license check" or "criminal history check" are being conducted. United States v. Boyce, 351 F.3d 1102 (11th Cir. 2003). However, after an individual has been issued a citation or warning ticket, any prolonged detention of an individual without "reasonable suspicion" of other criminal activity is a violation of the

Fourth Amendment. Boyce, 351 F.3d at 1107; Perkins, 348 F.3d at 970; United States v. Pruitt, 174 F.3d 1215, 1219 (11th Cir. 1999).

Whether an officer has a "reasonable suspicion" of criminal activity sufficient to justify such an investigatory stop is determined based on the totality of the circumstances, and from the collective knowledge of the officer involved in the stop. United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990). However, "reasonable suspicion" may not be based on the officer's hunch, but requires that the police officer be able to point to specific and articulable facts which reasonably warrant the intrusion. Id. (citing, Terry v. Ohio at 1879); See also, United States v. Mikell, 102 F.3d 470, 475 (11th Cir. 1996)(police are required to articulate some minimal, objective justification for the stop). The fact that the driver is nervous, has out-of-state tags and/or provides slightly inconsistent statements does not create "reasonable suspicion" upon which a further detention is warranted. Perkins, 348 F.3d at 965; Pruitt, 174 F.3d at 1219-1221; Tapia, 912 F.2d 1367, 1370.

The defendant alleges that Trooper Barnes had no "reasonable suspicion" upon which he could base any further

detention of the parties. Id. The police support stickers on the vehicle and orange air freshener in the vehicle were not evidence of any criminal activity, nor did it lead to any contraband in the vehicle itself. The drivers license and vehicle title checked out. Therefore there was no justifiable reason for the continued detention of the parties. Because the further detention was prohibited by the Fourth Amendment, any questioning, answers and consent that stemmed from the further detention must be suppressed/excluded. Perkins, 348 at 969 (citing United States v. Terza do-Madruga, 897 F.3d 1099, 1112 (11th Cir. 1990)).

When a vehicle is pulled over for a traffic stop, the passenger as well as the driver is seized for Fourth Amendment purposes. Brendlin v. California, 551 U.S. ___, 127 S. Ct. 2400, 168 L. Ed. 2d. 132 (2007). Any evidence obtained as a result of the illegal detention should be suppressed.

### III.

Defendant objects to the Recommendation of the Magistrate Judge that statements and consent made by defendant to law enforcement while in custody were not illegally obtained. See pp. 13-17 of the Recommendation of

the Magistrate Judge.  Defendant relies on his argument made in his original motion to suppress (Doc. 42).

## IV.

Defendant objects to the Recommendation of the Magistrate Judge that the stop and or detention was based upon illegal racial profiling.  See pp. 17-21 of the Recommendation of the Magistrate Judge.  Defendant relies upon his argument made in his original motion to suppress (Doc.84) at pp. 8-10.

Respectfully submitted this 31st day of March, 2008.

<u>s/Jeffery C. Duffey</u>
Jeffery C. Duffey
Attorney for defendant
JUAN UBALDO-VIEZCA

Law Office of:
Jeffery C. Duffey
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 834-4100
Fax: (334)834-4101
Bar No.: ASB-7699-F67J
Email: Jcduffey@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing was served upon: AUSA Clark Morris, U.S. Attorney's Office, P.O. Box 197, Montgomery, AL 36101-0197 by electronic service on this 31st day of March, 2008.

s/Jeffery C. Duffey
Jeffery C. Duffey