### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| V. | * CR. NO. |
| **JUAN UBALDO-VIEZCA,** | * 2:07CR139-WKW |
| | * |
| **Defendant.** | * |

### MOTION TO WITHDRAW AS COUNSEL

Comes now the defendant, by and through undersigned counsel, and submits the following:

1. The trial of this case is set for the term beginning August 18, 2008. (See Doc. 108).

2. The defendant is charged by indictment with two counts: (I) knowingly and intentionally importing into this country from Mexico in excess of 5 kilos of cocaine in violation of 21 USC 952 and 960; and (II) possession with intent to distribute in excess of 5 kilos of cocaine in violation of 21 USC 841(a)(1) and 18 USC 2. (See Doc. 21).

3. The defendant has been previously adjudged to be indigent, and undersigned counsel has been appointed to represent the defendant. Undersigned is the third such counsel appointed, the previous two having been allowed to withdraw. (See Doc. 38, 47, 68 and 74).

4. There has been a breakdown in the attorney client relationship. The defendant has lost his trust in undersigned counsel, and the defendant does not believe undersigned counsel is representing defendant to the best interest of the defendant. Any continued representation of defendant by undersigned has become unreasonably difficult.

5. A criminal defendant is constitutionally entitled to effective legal representation. <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). Indeed, the adversarial system of justice depends on effective defense counsel. <u>United States v. Cronic</u>, 466 U.S. 648, 656 (1984) ("The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing."). There can be no effective legal representation if the attorney client relationship is broken. The right to effective assistance of counsel will be violated and defendant will be prejudiced should undersigned continue to be required to represent defendant.

Wherefore, because of the above reasons undersigned counsel requests that the court grant his motion to withdraw as counsel for defendant.

Respectfully submitted this 29th day of July, 2008.

> s/Jeffery C. Duffey
> JEFFERY C. DUFFEY
> Attorney for
> **JUAN UBALDO-VIEZCA**
> 600 South McDonough Street
> Montgomery, AL  36104
> Phone: 334-834-4100
> Fax: 334-834-4101
> email: jcduffey@aol.com
> Bar No.  ASB7699F67J

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of July, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Clark Morris/Tommie Hardwick, AUSA; and on the defendant, Juan Ubaldo-Viezca, by U. S. Mail, postage prepaid at the Montgomery County Detention Facility, Montgomery, Al. 36104.

> s /Jeffery C. Duffey
> JEFFERY C. DUFFEY
> Attorney for
> **JUAN UBALDO-VIEZCA**